UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONNA CONRAD, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CVS PHARMACY, INC., | ) CASE NO. 2:22-cv-298 |
| Defendants. | ) |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA:

Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy, incorrectly identified as CVS PHARMACY, INC, by counsel, hereby removes the above-entitled civil action from the Superior Court of Marion County, Indiana to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and S.D. Ind. L.R. 81-1, for the following reasons:

1. A copy of the docket sheet for the Vigo County Superior Court action, as of July 22, 2022, is attached hereto and incorporated herein as **Exhibit 1**.

1. On June 16, 2022, Plaintiff, Donna Conrad, filed a complaint in the Superior Court of Vigo County, Indiana, styled as *Donna Conrad v. CVS Pharmacy, INC.*, under Cause No. 49D03-2206-CT-003676. (*see* Plaintiff's Complaint, attached as **Exhibit 2**).

2. Plaintiff claims that on March 2nd, 2021, she was a business invitee upon the property of Defendant at the CVS Pharmacy located at 1320 Maple Avenue, Terre Haute, IN 47804, when as a result of the negligence of the Defendant, Plaintiff fell due to a foreign object in

the aisle. (**Exhibit 2**). Plaintiff has sued Defendants for negligence, and claims she sustained injuries as a result of the slip and fall incident. (**Exhibit 2**).

3. Plaintiff served a summons and copy of the complaint upon Hook-SupeRx, LLC's registered agent via USPS on June 24, 2022. (**Exhibit 3**).

4. This notice of removal is being filed within 30 days after Plaintiff's service of the initial pleading in this matter on Hook-SupeRx, LLC and is therefore timely pursuant to 28 U.S.C. § 1446(b).

6. Upon information and belief, Donna Conrad is a citizen of Indiana and resident of Vigo County Indiana.

7. Hook-SupeRx, LLC is, and was at the time the complaint was filed, a Delaware limited-liability company. The sole member of Hook-SupeRx, LLC is CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business in Rhode Island. Hook-SupeRx, LLC is thus a citizen of the State of Rhode Island only. *See*, *Cosgrove v. Brotolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is the citizenship of each of its members).

8. Since Plaintiff and Defendant are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

9. Plaintiff alleges that as a direct and proximate result of the negligence of the Defendant, the Plaintiff has sustained physical injuries not specifically defined in the complaint, incurred medical expenses and will incur future medical expenses, the amount of which not specified in the complaint, and has experienced lost wages, pain and suffering, and permanent injuries. (*See* Plaintiff's Complaint, ¶ 4, attached as **Exhibit 2**).

10. Based on Plaintiff's allegations the amount in controversy in this lawsuit exceeds $75,000 exclusive of interest and costs. *See*, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[T]he proponent of federal jurisdiction] has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. [citation omitted]. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence . . . Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'")

13. This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

14. Complete diversity exists, and the jurisdiction of this Court is proper as required by 28 U.S.C. § 1332(a), as the evidence demonstrates Donna Conrad is a citizen of Indiana, and the Defendant is not a citizen of Indiana. "A case falls within the federal district court's 'original' diversity jurisdiction only if diversity of citizenship among parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998); *see also*, *City of Indianapolis v. Chase Nat. Ban of City of New York*, 314 U.S. 63 (1941) ("To sustain diversity jurisdiction there must exist an 'actual'

'substantial' controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side.")

15. Because the state court action was filed in Vigo County, Indiana, the District Court for the Southern District of Indiana, Terre Haute Division is the proper venue. *See*, 28 U.S.C. §§ 1441(a) and 94(a)(3).

16. On July 22, 2022, a notice of this filing will be filed in the Vigo County Superior Court case via the Indiana State Court electronic filing system and will be served upon all known counsel in that case.

WHEREFORE, Hook-SupeRx, LLC d/b/a CVS Pharmacy, by counsel, by counsel, respectfully give notice that this civil action is removed to this Court from the Vigo County Superior Court.

Respectfully submitted,

*/s/ Nicholas G. Brunette*
Nicholas G. Brunette (#27042-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road
Suite 200
Indianapolis, IN 46268
T: 317-853-7371
F: 317-228-0943
nbrunette@reminger.com
khaire@reminger.com
**Attorneys for Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy**

## CERTIFICATE OF SERVICE

I certify that on this day, the 22nd day of July, 2022, the foregoing document was filed electronically using the Court's CM/ECF system, which sends electronic notification to all *registered* parties.

Terry R. Modesitt
Jared R. Modesitt
Joel Modesitt
Rusti L. Mills
**MODESITT LAW FIRM, PC**
401 Ohio Street
Terre Haute, IN 47807
terry@modesittlawfirm.com
jared@modesittlawfirm.com
joel@modesittlawfirm.com
rmills@modesittlawfirm.com
*Counsel for Plaintiff*

                                              */s/ Nicholas G. Brunette*
                                              Nicholas G. Brunette (#27042-49)
                                              REMINGER CO., LPA